IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ARTHUR DECESARE,

       Plaintiff,

v.                                                                    CASE NO. 4:14-cv-81-MW-GRJ

UNITED STATES OF AMERICA,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* pleading styled as a "criminal complaint."  Doc. 1.  Plaintiff has neither paid the court's filing fee nor sought leave to proceed as a pauper.  The Court will not direct Plaintiff to correct these deficiencies because it is clear from the allegations of the complaint that it is due to be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2).

The complaint alleges that Plaintiff is a disabled military veteran who received treatment for a service-connected knee injury at the Veterans Administration Medical Center (VAMC) in Gainesville, Florida, in April 1986.  Plaintiff alleges that "two quack orthopedic surgeons" performed the surgery, but got into a fight in the operating room. Plaintiff "flatlined" as a consequence of the altercation and his heart stopped for between one and one-half to two minutes.  Plaintiff began having vision problems as a result of this event.  Plaintiff contends that the surgery amounted to medical malpractice, but the incident was covered up.  Plaintiff contends that the VAMC in Miami only provides him with plastic-framed glasses.  Doc. 1.

Although Plaintiff does not state the precise relief sought in this case, it is

apparent that he seeks to assert a medical malpractice claim against the VAMC in

Gainesville, where his surgery took place.  This tort claim is properly construed as a

claim against the United States pursuant to the Federal Tort Claims Act.

The FTCA  provides a limited waiver of sovereign immunity for actions against

the United States involving, *inter alia*,  "personal injury or death caused by the negligent

or wrongful act or omission of any employee of the Government while acting within the

scope of his office or employment, under circumstances where the United States, if a

private person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred."[1]   Statutory waivers of sovereign immunity must be

construed strictly in favor of the sovereign.[2]   "The United States, as sovereign, is

immune from suits save as it consents to be sued . . . and the terms of its consent to be

sued in any court define that court's jurisdiction to entertain the suit."[3]  Because the

United States' consent to suit is limited by the terms of the FTCA, "[w]here no such

consent exists, a district court has no jurisdiction to entertain a suit against the United

States."[4]

The disposition of a timely administrative tort claim by a federal agency is a

statutory prerequisite to initiating suit in the district court.  28 U.S.C. § 2675(a).  A

plaintiff must file an administrative tort claim with the appropriate administrative agency

---

[1] *Tisdale v. United States*, 62 F.3d 1367, 1370-71 (11th Cir. 1995) (quoting 28 U.S.C. § 1346(b)) (emphasis added).

[2] *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) (quotation and citation omitted).

[3] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted); *see Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993).

[4] *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1156 (5th Cir. 1981).

within the two-year statute of limitations period established by the FTCA.  28 U.S.C. § 2401, *et seq.* "A tort against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  A plaintiff's failure to timely file an administrative claim with the applicable agency divests a federal court of subject matter jurisdiction over the plaintiff's FTCA claim.  *Phillips v. United States*, 260 F.3d 1316, 1317-19 (11th Cir. 2001); *Shoff v. United States*, 245 F.3d 1266, 1267 (11th Cir. 2001).  Further, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  28 U.S.C.A. § 2401(a).

An FTCA medical malpractice claim accrues when the plaintiff knows of both the injury and its cause.  *United States v. Kubrick*, 444 U.S. 111, 120 (1979).  Thus, a claim "accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his] injury and its connection with some act of the defendant. *McCullough v. United States*, 607 F.3d 1355, 1359 (11th Cir. 2010) (quoting *Price v. United States*, 775 F.2d 1491, 1494 (11th Cir. 1985)).

In this case, it is apparent from the allegations of the complaint that Plaintiff's medical malpractice claim accrued following his surgery in April 1986 when he began experiencing vision problems.  Plaintiff does not allege that he filed an administrative tort claim within two years of the incident underlying his complaint.  Plaintiff's failure to file a timely administrative tort claim divests this court of subject matter jurisdiction over his FTCA claim.  28 U.S.C. § 2401(b); *Phillips*, 260 F.3d at 1317-19; *Shoff*, 245 F.3d at 1267.  Even if the complaint presented some basis for the Court to conclude that Plaintiff did file a timely administrative tort claim, it is clear that the complaint is

nevertheless barred by the FTCA's statute of limitations, because this case was not filed within six years of the accrual of the claim.  28 U.S.C.A. § 2401(a).

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend a complaint "should be freely given."  *See* Fed.R.Civ.P. 15(a).   Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.   Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert a cognizable claim for relief under the FTCA, the Court concludes that amendment of the complaint would be futile.  *See Foman*, 371 U.S. at 182.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief may be granted because it is barred by the FTCA's six-year limitations period.

**IN CHAMBERS** this 30th day of April 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.